## COLEMAN v. NATIONAL LIFE & ACCIDENT INS. CO.

### No. 14380.

Court of Appeal of Louisiana. Orleans.

Jan. 16, 1933.

Harry R. Cabral, of New Orleans, for appellant.

S. S. Goldman, of New Orleans, for appellee.

WESTERFIELD, J.

This is a suit upon a policy of life and sick benefit insurance, wherein plaintiff claims seven weeks' total disability at $10 per week, or $70 plus a penalty of 100 per cent. and $90 attorney's fees, under the provisions of Act No. 310 of 1910. The defendant insurance company denied liability upon the ground that the illness resulting in the disability forming the basis of this claim was due to a venereal disease, or a disease of venereal origin, which, under section P of the policy sued on, is excepted from the coverage of the policy.

There was judgment below in defendant's favor dismissing plaintiff's suit, and plaintiff has appealed.

In this court, in argument and in brief, counsel for plaintiff admits that the record establishes the fact that plaintiff's illness was due to lues, aortitis, and hypertension, which, it is explained, is a syphilitic infection of the

aorta, but the contention is that a fair interpretation of the policy provision on the subject is that it does not apply to venereal diseases contracted in any manner except through sexual intercourse, and that the plaintiff in this case did not acquire the disease in that way, but accidentally and adventitiously; that, as a matter of fact, he was incapable of sexual intercourse, being an old man without sufficient virility, the plaintiff himself testifying that he had not enjoyed sexual intercourse for more than five years prior to his illness. In other words, the argument is that syphilis is not a venereal disease, unless contracted socially, which method of acquisition was not possible for plaintiff, due to his sexual deficiency. In the words of counsel: "We maintain that the plain language of the policy contemplates that the venereal disease must be contracted by reason of contact with the diseased person, because the adjective 'venereal' has a well defined meaning, and if the insured became infected in any other way than in a venereal manner, the clause in the policy is inapplicable to the facts as in this case. The word 'venereal' is defined by Webster's Dictionary as (1) 'pertaining to sexual intercourse; (2) communication with sexual intercourse as venereal disease, venereal, virus or poison.'"

The provision of the policy in question reads as follows:

"This policy does not cover: (1) Suicide, sane or insane, or any attempt thereat, sane or insane; (2) any venereal disease or disease of venereal origin. * * *"

The etymology of the word "venereal" supports the contention of counsel. It means pertaining to Venus, the Goddess of Love, in whose honor a temple was built April 1st, 114 B. C., in expiation for the loss of chastity of three vestal virgins. The chief festival of Venus occurred on the anniversary of the foundation of the temple, and was known as the Veneralia. A venereal disease, therefore, is a disease which results from sex love or intercourse. Venereal desire is a desire for sexual gratification. See Webster's New International Dictionary, 1926 Edition. It is quite likely that originally the term "venereal," as applied to diseases, meant only such diseases as resulted from sexual intercourse, for, until medical science had advanced sufficiently to recognize the bacterial origin of disease, its communication by other methods must have been unknown. Even now the most common method of infection is through sexual intercourse. But the gonococcus bacilli and the spirochæta protozoan do not depend upon cohabitation for the extension of their malignant activities, which have ever and always distressed mankind. Gonorrhea and syphilis may be acquired by a handshake, a kiss, or by other means of contact with an infected individual. They may be acquired by handling clothing and by the use of a common drinking vessel; in short, by any method which permits the bacilli to be transmitted to one's person.

Consequently, when we use the phrase "venereal disease" to-day, we do not necessarily mean, as perhaps was once the case, a love or a sexual disease, but one of several diseases so identified with sexual intercourse as to be best described by a term which has now lost some of its appropriateness.

In the 39 Cyc. 2122, we find a definition of venereal disease as "a collective term for gonorrhea, chancroid and syphilis."

In our opinion, the policy, which exempts venereal diseases from its coverage, imposes no liability upon the insurer for the effects of syphilis, however it may be acquired, whether socially or accidentally, for the reason that the intendment of the provision is to except from the insurer's liability venereal diseases, and not only such diseases as are socially acquired, since a venereal disease, whether it originate from sexual intercourse, or from shaking the infected hand of a friend, is nevertheless a venereal disease.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.