IRENE PARKS, Widow of Harry Parks, v. EPPINGER & RUSSELL COMPANY, INC.

196 So. 704

En Banc

Opinion Filed June 11, 1940

*P. Donald DeHoff, William J. DeHoff* and *DeHoff & DeHoff,* for Appellant;

*Jennings & Watts* and *Edwin M. Clarke,* for Appellee.

BUFORD, J.—In this case appellant presented her claim to the Florida Industrial Commission for compensation for the death of her husband. The claim was not allowed because of the provisions of Paragraph 19, Section 1 of Chapter 18413, amending Section 2 of Chapter 17481, Acts of 1935, the pertinent part of which is as follows:

"(19) 'Accident' shall mean only an unexpected or unusual event, happening suddenly. A mental or nervous injury due to fright or excitement only or disability or death due to the accidental acceleration or aggravation of a venereal disease or of a disease due to the habitual use of alcohol or narcotic drugs, shall be deemed not to be an injury by accident arising out of the employment. * * * "

Two questions are submitted for our consideration which are as follows:

1. "Should not the term 'venereal disease' as used in the definition of the word 'Accident,' Section 2 (19) of the Florida Workmen's Compensation Act be limited only to cases of syphilis or like diseases which are clearly proved to be of venereal origin?"

2. "Assuming that the first question is answered in the negative, should not a distinction be made between death due to the acceleration or aggravation of the resultant of a venereal disease and the aggravation or acceleration of the disease itself so as to permit recovery in the first instance and defeat recovery in the second instance under the provisions of Section 2 (19) of the Florida Workmen's Compensation Act?"

We think the first question is without merit because we think the statute above quoted includes the disease of syphilis as certainly as if the name "syphilis" had appeared therein. Therefore, we think that the disease of syphilis is contemplated by the statute regardless of how it may have been acquired. Aside from this, however, the record shows that the syphilis from which the decedent suffered was not of the congenital type or variety, but was of the acquired variety.

In the record it is clearly established that the deceased was suffering from an active syphilitic infection of the heart and that his death if not entirely due to that condition, was accelerated because of that condition. In this connection see Coleman v. National Life & Accident Ins. Co., La. App., 145 Sou. 298, 71 C. J. 353-357, Title Workmen's Compensation Act, Section 68.

We are also of the opinion that the second question is without merit because the record shows that the deceased was suffering with active syphilis at the time of his death and had been so afflicted for many years prior thereto. Not only is this shown to be true, but the record also shows that decedent's physician had advised him of the condition which existed and had advised him exactly what would happen in case of sudden shock or strain. In other words, the record shows that the condition was not the result of a disease

which had been arrested but was the result of the continuing activity of the disease.

For the reasons stated, the order appealed from is affirmed.

So ordered.

TERRELL, C. J., WHITFIELD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.