[No. 29321. *En Banc.* February 8, 1945.]

F. G. JOHNSTON, *Respondent,* v. MARYLAND CASUALTY COMPANY, *Appellant.*[1]

[1] Reported in 155 P. (2d) 806.

*Eggerman, Rosling & Williams,* for appellant.

*Kumm & Hatch,* for respondent.

MALLERY, J.—Plaintiff brought an action on his insurance policy to recover benefits for a loss sustained thereunder. From a verdict of the jury, the defendant appeals.

On January 27, 1942, respondent, F. G. Johnston, driving his Dodge pickup on his way home from work in Seattle, collided head on with a Packard coupe, being operated on the same street and going in the opposite direction.

Johnston's Dodge pickup may be described as a model WC one-half-ton express body truck on a 116-inch wheel base. It differs from a Dodge passenger automobile in that it has a heavier motor, heavier springs, heavier frame, different wheel base, and a chassis entirely different from the passenger car chassis. There is room in the cab for a driver and a passenger, but there are no seats in the rear, which is a box for the carrying and delivery of merchandise, tools, or goods of any kind. The motor number was T-125-33791. The "T" stands for truck. It is known as a one-half-ton express truck. It carried a truck license at the time of the accident.

On December 17, 1941, the defendant, appellant here, issued plaintiff, respondent here, its automobile accident policy providing "indemnity for loss of life, limb, sight and other losses caused by automobile accident to the extent herein limited and provided." This policy was in effect at the time of the accident. While the policy provided indemnity for various losses, recovery is sought only for the sum of five hundred dollars specified in the policy as the indemnity for hospital, nurses, medical, and surgical expense.

The policy insured respondent:

" . . . against loss resulting from bodily injuries caused directly, solely and independently of all other causes through accidental means, and sustained by the Insured in

the following manner (herein called 'such injuries') and subject to all conditions and limitations hereinafter contained:

"(1) While operating, driving, riding in, adjusting or cranking a private passenger automobile; or

"(2) While riding as a passenger in a public passenger automobile; or

"(3) While changing a tire on a private passenger automobile; or

"(4) In consequence of the explosion or burning of a private passenger automobile; or

"(5) By being struck or run over by an automobile."

The policy defined the term "passenger automobile" as follows:

"C. The term 'passenger automobile' as used in this policy shall not include a truck or other automobile made or altered to carry merchandise, tools, or goods of any kind."

It is the contention of the respondent that he has a right to recover under both clauses one and five of the policy. The appellant denies that he has a right to recover under either one.

▮ Respondent's right to recover under clause one, depends upon the nature of his vehicle. It must be a private passenger automobile, which is defined in the policy in clause C as not including a truck or other automobile made or altered to carry merchandise, tools, or goods of any kind. From an examination of a picture of the vehicle in evidence, it is manifestly not a private passenger automobile as defined in the policy.

The respondent contends that the word "automobile" is a generic term embracing trucks, touring cars, sedans, pickups, and all varieties of rapidly moving four-wheel vehicles. However, none of the cases cited upon which he relies construed the meaning of "passenger automobile" where the same had been defined in the terms used in the policy in question, and we therefore think that the definition here involved cannot be reasonably interpreted as having its generic meaning because of the definition in the policy. We hold that the respondent cannot recover under clause one of the policy.

Before proceeding to the question of respondent's right to recover under clause five, it should be noted that clause one, by using the word "while," limits the coverage to injuries incurred while the insured is engaged in certain specified activities, viz: operating, driving, riding in, adjusting, or cranking a private passenger automobile as defined in the policy. Every other activity status is excluded from coverage under this clause. In other words, if the insured's activity status is operating, driving, riding in, adjusting, or cranking a motor vehicle, he can recover for an injury if the vehicle is a private passenger automobile as defined in the policy, and he is precluded from recovery if it is not.

The respondent's activity status was that of a driver of a vehicle that we have held was not covered by the policy. Respondent seeks to recover, notwithstanding, under clause five, "By being struck or run over by an automobile," because, as he contends, he was struck by his own automobile, which under clause five has its generic meaning. Respondent was still in his own automobile after the collision and never had any personal contact with the Packard coupe; and since the policy and the rules of construction pertinent thereto are not concerned with negligence or proximate cause, he very properly does not contend he was struck by the Packard coupe.

We would readily agree with respondent on his contention concerning clause five if he had not had an activity status excluded from coverage by clause one, that is to say, if he were outside his vehicle and not cranking or adjusting it.

"A contract must be construed as a whole, and the intention of the parties is to be collected from the entire instrument and not from detached portions, it being necessary to consider all of its parts in order to determine the meaning of any particular part as well as of the whole." 17 C. J. S. 707, § 297.

We think that the effect of clause one upon clause five is that to be "struck by an automobile," means to be struck by an automobile other than one in which one has the

activity status of being a driver of an excluded vehicle. Otherwise, clause one and "C" would be meaningless under any conceivable circumstance.

The respondent contends that the nature of his vehicle was a question for the jury. We do not agree. The parties are agreed upon all the facts in this case. Only questions of law are in controversy. We will therefore not send it back for a new jury trial. That being the case, we shall not discuss the assignments of error directed to the instructions to the jury.

The judgment is reversed.

MILLARD, BLAKE, ROBINSON, STEINERT, JEFFERS, and GRADY, JJ., concur.

SIMPSON, J., concurs in the result.

BEALS, C. J. (dissenting)—In my opinion, respondent was "struck . . . by an automobile" and is entitled to recover under clause five of the policy. I therefore dissent.

