No. 39,892

Elcie Leona Blair, *Appellee,* v. Automobile Owners Safety Insurance Company, a Corporation, *Appellant.*

(290 P. 2d 1028)

Opinion filed December 10, 1955.

*Thomas M. Evans,* of Topeka, argued the cause, and *Norton C. Frickey,* of Oberlin, was with him on the briefs for the appellant.

*Keith G. Sebelius,* of Norton, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This was an action to recover money on a sick, health and accident insurance policy. From a judgment in favor of the plaintiff (appellee) Elcie Leona Blair, the defendant (appellant)

Automobile Owners Safety Insurance Company appeals. The parties will be hereafter referred to as plaintiff and defendant.

It is admitted by the pleadings that defendant issued plaintiff a sick, health and accident insurance policy by the terms of which defendant agreed to pay plaintiff $100 a week up to fifty weeks while she was confined in the hospital, due to injuries sustained in an accident; that she accidentally fell and broke her leg and was confined to bed in a hospital, the State Sanatorium for Tuberculosis, for more than four months, and that plaintiff complied with all the provisions of the policy. Part 7 of the policy was made a part of the pleadings and is the only matter in controversy here. It contained the following provision:

"DEFINITION OF 'HOSPITAL'.

"The term 'hospital' as used in this policy shall mean a lawfully-operating institution for the care and treatment of sick and injured persons, with organized facilities for diagnosis and treatment, medical supervision, major surgery and twenty-four hour nursing service, *but does not include any government hospital, rest homes or institutions for the care and treatment of the mentally diseased."* (Italics supplied.)

The defendant denied plaintiff's claim on the ground she was entered as a patient in the State Sanatorium for Tuberculosis and that such state sanatorium was a government hospital within the meaning of the contract of insurance, more particularly the mentioned Part 7 of the policy, and that defendant was not liable by reason of the exclusion provision contained therein. The case was submitted to the court on the pleadings, with a request that the trial court construe Part 7 of the policy to determine defendant's liability to plaintiff, if any.

Plaintiff contended that the term "government hospital" used in the exclusionary provision of the policy is applicable only to a government hospital for the care and treatment of mentally diseased.

The trial court concluded as a matter of law that the State Sanatorium for Tuberculosis did not fall within the term "government hospital" as that term was used in the exclusionary provision of the policy, and entered judgment accordingly.

The sole question presented in this case is whether the State Sanatorium for Tuberculosis comes within the term "government hospital" as that term is used in the exclusionary clause contained in the policy.

A policy of insurance is a written contract. Its terms are to be given a reasonable construction and, in doing so, the entire contract

should be considered together and effect given to every part. (*Sheets v. Life Insurance Co.,* 116 Kan. 356, 225 Pac. 929.) The rule is well established in this state that if the terms of a policy of insurance are ambiguous or obscure or susceptible of more than one construction, the construction most favorable to the insured must prevail, and as the insurer prepares its own contracts it is its duty to make the meaning clear, and if it fails to do so the insurer and not the insured must suffer. Courts should not be astute to evade the meaning of the words manifestly intended by the parties, but where an insurance contract is unambiguous it must be enforced according to its terms. The language in an insurance policy is like any other contract and must be construed in such manner as to give effect to the intentions of the parties. The test to be applied in construing the terms of the policy is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would have understood them to mean. Where a contract is not ambiguous, the court may not make another contract for the parties, but its function is to enforce the contract as made. These rules of law were thoroughly discussed, analyzed and applied in *Braly v. Commercial Casualty Ins. Co.,* 170 Kan. 531, 227 P. 2d 571; *Knouse v. Equitable Life Ins. Co.,* 163 Kan. 213, 181 P. 2d 310, and cases cited therein.

A reading of Part 7 of the policy reveals that it is plain, clear and unambiguous. The word "hospital" is defined to mean *any lawfully-operating institution* for the care and treatment of sick and injured persons with organized facilities for diagnosis and treatment, medical supervision, major surgery, and twenty-four hour nursing service. It is admitted that the State Sanatorium for Tuberculosis was such a hospital or institution. An analysis of the questioned provision of the policy makes it clear that the only hospitals or institutions excluded by the last clause are (1) any government hospital for the care and treatment of mentally diseased; (2) any rest home for the care and treatment of mentally diseased, or (3) institutions for the care and treatment of mentally diseased. Inasmuch as the State Sanatorium for Tuberculosis is not an institution for the care and treatment of mentally diseased, it does not fall within the exception contained in the policy.

The judgment of the trial court is affirmed.