353 P.2d 776

Clark A. THOMAS, Plaintiff-Respondent,
v.
FARM BUREAU MUTUAL INSURANCE
COMPANY OF IDAHO, INC.,
Defendant-Appellant.
No. 8836.

Supreme Court of Idaho.
June 22, 1960.

Albaugh, Bloem & Smith, W. Joe Anderson, Idaho Falls, for respondent.

Merrill & Merrill, Pocatello, for appellant.

SMITH, Justice.

Plaintiff (respondent) instituted this action to recover on the indemnity provisions of an automobile liability insurance policy issued by defendant (appellant).

Defendant, in consideration of premium paid, issued its policy of insurance No. 5–02–40640, effective May 2, 1956, to continue in effect until cancelled or lapsed, which provided that defendant, as insurer, should pay all sums which plaintiff should become obligated to pay by reason of liability imposed upon him by law for damages because of bodily injury or property damage arising out of the ownership, maintenance and use of his 1953 Nash, 4-door body type automobile.

A major question involved in this action is presented by certain provisions of Insuring Agreement No. V of the policy, reading as follows:

"V. Use of Other Private Automobiles or Trucks.

"Such insurance as is afforded by this policy for liability with respect to the private passenger automobile described in the declarations, applies to the named insured, if an individual, and to the spouse of such individual if a resident of the same household, as insured, with respect to the use of any other automobile by or in behalf of such named insured or spouse. This insuring agreement does not apply:

\* \* \* \* \* \*

"(c) to any automobile not of the private passenger type while used in the business or occupation of the named insured or spouse, \* \* \*."

May 5, 1956, plaintiff, while driving a 1956 Willys jeep one-half ton pickup truck, registered in the name of Farrel West, was involved in an accident resulting in personal injury and property damage to one Bette P. Sorensen.

Plaintiff notified defendant of the accident and of a claim for damages made against him by Sorensen, but defendant based its denial of liability on the theory that the policy, quoting from defendant's claim manager, "is not effective to protect you [Clark A. Thomas] while driving the Willys pickup registered to Mr. West," under the provisions of the policy's Insuring Agreement No. V.

Action instituted by Sorensen for recovery for personal injury and property damage resulted in a verdict May 21, 1958, in Sorensen's favor, and judgment duly entered on the verdict against plaintiff, for $8,000 and costs.

Plaintiff, in his complaint against defendant in this action, alleges the May 5, 1956, collision which resulted in Sorensen's personal injury and property damage; also, that at the time of the collision the jeep pickup was a vehicle within the purview of the policy coverage of insurance policy No. 5–02–40640; that Sorensen had made claim upon and commenced action against plaintiff for damages, and that plaintiff had duly notified defendant of the accident and Sorensen's claim and action against him, but that defendant had refused to defend plaintiff against Sorensen's claim, and had denied liability under the policy of insurance; that trial of the action had resulted in a verdict and judgment in Sorensen's favor against plaintiff for $8,000 and costs; that defendant had refused to accept liability therefor and to perform and carry out its obligations under the contract of insurance. Plaintiff prayed for recovery against defendant of the sum of $8,089.10, the amount of the Sorensen judgment and costs, and for attorney fees, incurred in defending the Sorensen action and prosecuting the present action. I.C. § 41–1403.

Trial was had before the court with a jury acting in an advisory capacity. The Court, inter alia, submitted an interrogatory to the jury, as to whether the jeep pickup truck, operated by plaintiff on May 5, 1956, was a private passenger type automobile, which the jury answered in the affirmative.

Thereafter, the trial court rendered and filed its memorandum opinion, having incorporated therein its findings of fact and conclusions of law, and August 31, 1959, rendered judgment against defendant in favor of plaintiff, for the amount of the Sorensen judgment and costs, together with attorney fees incurred by plaintiff in defending the Sorensen action, and prosecuting the present action. Defendant perfected an appeal from the judgment.

■ Defendant's assignments of error present a major question, decisive of this appeal, i. e., whether the Willys jeep pickup truck involved in the collision with the Sorensen vehicle was a private passenger type automobile, which the trial court decided in the affirmative. Defendant contends that the evidence is insufficient to support the conclusions of the trial court in that regard.

The evidence shows that the vehicle was a 1956 half-ton type Willys jeep four-wheel drive pickup having a truck bed, registered in the office of the assessor of Jefferson county, and licensed, as a truck.

The record indicates that such a type of Willys jeep vehicle is used frequently in farming operations and often in pursuing outdoor activities, hunting primarily.

The evidence further shows that the Willys jeep pickup truck was owned by and registered in the name of Farrel West as

a pickup truck; that plaintiff obtained the vehicle and its keys from Mr. West during March 1956 and continued its possession and limited use during April and May, and until sometime in June, 1956; that at the time of the accident with the Sorensen vehicle plaintiff was using the jeep pickup by permission and at the direction of Mr. West, who then was engaged in land leveling and light construction work. Plaintiff used the vehicle for hauling various supplies and equipment to the construction work in which he was engaged under Mr. West.

Plaintiff also used the pickup several times to transport Mr. West out to the job and in bringing him back. While plaintiff rode back and forth to work in the vehicle, he never at any time used it for pleasure.

 Contracts of insurance, like other contracts, must be construed and understood, in the absence of ambiguity, in their plain, ordinary and proper sense, according to the meaning as determined from the plain wording thereof. Automobile Insurance Co. of Hartford, Conn. v. Denny, 8 Cir., 206 F.2d 401, 40 A.L.R.2d 865; Hobson v. Mutual Benefit Health & Accident Ass'n, 99 Cal.App.2d 330, 221 P.2d 761; Blair v. Automobile Owners Safety Insurance Co., 178 Kan. 615, 290 P.2d 1028; Downs v. National Casualty Co., 146 Conn. 490, 152 A.2d 316. In Miller v. World Insurance Co., 76 Idaho 355, 357, 283 P.2d 581, 582, this Court stated the rule:

"Policies of insurance, as other contracts, are to be construed in their ordinary meaning, and where the language employed is clear and unambiguous, there is no occasion to construe a policy other than the meaning as determined from the plain wording therein.

"It is the function of the Court to construe a contract of insurance as it is written, and the Court by construction can not create a liability not assumed by the insurer, nor make a new contract for the parties, or one different from that plainly intended, nor add words to the contract of insurance to either create or avoid liability. [Citations.]"

In Couch on Insurance, 2nd Ed., Vol. 1, pp. 678–679, it is stated:

" * * * if there is no ambiguity in the insurance contract it is the duty of the court to apply to the words used their ordinary meaning and not favor either party in their construction.

* * * * * *

"Usual and ordinary meaning has been stated variously to be that meaning which the particular language conveys to the popular mind, to most people, to the average, ordinary, normal man, to a reasonable man, to persons with usual and ordinary understanding, to a businessman, or to a layman."

Insuring Agreement No. V, subpar. (c),

of the insurance policy is not ambiguous in the particular under consideration here. The contract provides in simple terms: "This insuring agreement does not apply * * * to any automobile not of the private passenger type while used in the business or occupation of the named insured." The question for decision is whether the jeep vehicle which respondent was using in his occupation May 5, 1956, was "not of the private passenger type."

Mr. West, owner of the Willys jeep vehicle, testified:

"Q. Will you describe that pickup? A. Well, it was a 1956 one-half ton type jeep pickup—4-wheel drive.

"Q. Did it have a truck bed? A. It did."

Plaintiff described the vehicle:

"Q. I should like you to describe that jeep. A. * * * It was a green, 1956 four-wheel-drive—Willys jeep with a pickup box; * * * regular pickup box.

"Q. * * * Did it have a cab on it? A. Yes, sir, it had a full cab.

* * * * * *

"Q. Do you know what it is rated? * * * A. Half ton, * * *

* * * * * *

"Q. You say this jeep had a full cab. It only had one seat, didn't it? A. Yes, one seat.

"Q. It was a pickup truck? A. Yes.

"Q. A truck bed? A. Yes."

In determining this question we also deem the following to be pertinent.

First, the policy insured plaintiff against liability imposed upon him by law for damages because of bodily injury or property damage arising out of the ownership, maintenance and use of his 1953 Nash sedan automobile, a vehicle of the private passenger type. The Nash automobile is referred to in Insuring Agreement No. V: "such insurance is afforded by this policy for liability with respect to the private passenger automobile described in the declarations * * *;" the declarations therein before set out describe plaintiff's 1953 Nash sedan. The definitive risk thus insured against should not be arbitrarily extended. As stated in Miller v. World Insurance Co., supra, [76 Idaho 355, 283 P.2d 582] "* * * the Court by construction can not create a liability not assumed by the insurer, nor make a new contract for the parties." See also Marshall v. Washington National Insurance Co., 246 N.C. 447, 98 S.E.2d 345.

Second, witnesses who testified relative to the Willys jeep vehicle, and who described it, referred to it as a pickup truck.

Third, the State of Idaho, through the Jefferson county assessor, classified, registered and licensed the vehicle as a truck, and not as a private passenger automobile.

Fourth, the vehicle was equipped with a truck bed and was constructed as a half-ton type pickup truck.

Fifth, plaintiff consistently used the vehicle in his occupation, i. e., in the work which he was performing under Mr. West, principally in hauling cargo to the job, and, while he used it in going to and from work, he brought cargo to the job when coming to work, thereby facilitating the work.

At the time of the accident, whereby Sorensen was injured, plaintiff was using the Willys jeep pickup truck on the job, hauling pads for the purpose of covering the highway to allow the grid tracks of a caterpillar tractor to pass across the oiled surface of the highway.

The decisions treat the question whether a vehicle is a private passenger automobile in the two ways, first, that the type of vehicle as constructed constitutes the governing factor, i. e., a truck is a truck, regardless of the use to which it may be put, and second, the use which the vehicle serves may be considered in determining such question.

Marshall v. Washington National Insurance Co., 246 N.C. 447, 98 S.E.2d 345, 346, turned on the question whether the insured's GMC pickup truck was a private passenger automobile of the pleasure type within the meaning of the insurance policy sued on. The vehicle was described similarly as the Willys jeep pickup truck in the case at bar. The insured, however, did not use the vehicle for cargo hauling or for commercial purposes, but for pleasure purposes such as going on fishing trips and visiting relatives.

The court pointed out that since the language of the insuring provision of the policy was plain and unambiguous, liability must be tested wholly and solely by the natural and obvious meaning of such language, and then stated:

"The insured's truck does not come within the natural and obvious meaning of the language of the insuring provision of the policy. This being so, it is immaterial whether the truck was used by the insured as a passenger vehicle and for pleasure. The defendant had the right to prescribe the type of vehicle it desired and was willing to cover in this limited coverage insurance policy. The use to which the insured put the truck could not and cannot change the plain meaning of the language of the policy or extend its coverage. [Citations]."

See also Lloyd v. Columbus Mut. Life Ins. Co., 200 N.C. 722, 158 S.E. 386, 387, which involved an automobile originally of the pleasure car type, which had been converted into a motor truck for hauling cargo. In deciding that the automobile was not of "the pleasure car type" under an insurance policy, the court stated: "The word 'type' used in the policy implies the idea of classification," and held that the truck, by intention, use and construction was a commercial vehicle and so classified under the North Carolina Motor Vehicle

statute which recognized the difference between passenger and truck vehicles.

Noteworthy, I.C. § 49–201, subparagraphs 2 and 5 read:

"2. 'Automobiles' shall mean the ordinary four-wheeled motor vehicles, used for carrying not to exceed seven passengers, excepting when used for carrying passengers for hire."

"5. 'Motor Truck' shall mean any motor vehicle designed and/or used for the transportation of commodities, merchandise, produce, forest products, freight or animals. * * *."

Dirst v. Aetna Life Ins. Co., 232 Iowa 910, 5 N.W.2d 185, 187, contains a discussion as to whether a one and a half ton Ford pickup, registered as a truck, could be classified as a "passenger automobile of the pleasure car type," under an automobile liability insurance policy. The Iowa court applied the reasoning of the North Carolina case of Lloyd v. Columbus Mut. Life Ins. Co., supra, that the word "type" used in the policy implied the idea of classification, and held that the pickup truck was not an automobile "of the pleasure car type."

Washington's Supreme Court, in Johnston v. Maryland Casualty Co., 22 Wash.2d 305, 155 P.2d 806, 807, ruled that a one and a half ton pickup truck was not a private passenger automobile within the meaning of an automobile accident policy insuring against injuries sustained by the insured while operating or riding in a "private passenger automobile." Here again, the type of the motor vehicle constituted the governing factor, the court holding: "He [the insured] can recover for an injury if the vehicle is a private passenger automobile as defined in the policy and he is precluded from recovery if it is not."

La Fon v. Continental Casualty Co., 241 Mo.App., 802, 259 S.W.2d 425, held that the death of the insured, killed while driving a pickup truck, was not within the purview of a clause authorizing payments to the insured while riding as a passenger in, or as a driver of, a private pleasure automobile; and held further, that the motor vehicle, a 1950 Studebaker pickup truck, was not, as a matter of law, a private pleasure automobile.

In Senn's Adm'x v. Michigan Mut. Liability Co., Ky., 267 S.W.2d 526, 527, the insured, a salesman, received fatal injury while operating a Chevrolet sedan delivery vehicle. The policy insured the deceased "while the insured is driving * * * any automobile of the private passenger type." The court in determining that the vehicle, as a matter of law, was not of the private passenger type, said:

"It is our conclusion that the vehicle in question was not of a private passenger type. The manufacturer of the

vehicle classified it as a truck, a commercial vehicle. It was licensed in Indiana as a commercial vehicle. The owner of the vehicle purchased it and used it for commercial purposes. * * Although the vehicle might have been used occasionally to haul passengers, it was not primarily a passenger vehicle and such occasional use did not as a matter of law convert it into a passenger vehicle. Poncino v. Sierra Nevada Life & Casualty Co., 104 Cal. App. 671, 286 P. 729; Paltani v. Sentinel Life Insurance Co., 121 Neb. 447, 237 N.W. 392."

Aetna Life Ins. Co. of Hartford, Conn. v. Bidwell, 192 Tenn. 627, 241 S.W.2d 595, held that in determining the type of automobile included within the meaning of an insurance policy, the general and common use to which an automobile is put is a fact which should be considered when the policy is silent as to definition. The following cases also recognize use factors, as well as the type of vehicle, as determinative of the question whether the automobile is a private passenger vehicle, Senn's Adm'x v. Michigan Mut. Liability Co., supra; Mattson v. Maryland Casualty Co., 100 Cal.App. 96, 279 P. 1045; Poncino v. Sierra Nevada Life & Casualty Co., 104 Cal.App. 671, 286 P. 729; Fidelity & Casualty Co. of New York v. Martin, 9 Cir., 66 F.2d 438; Smith v. Maryland Casualty Co., 63 N.D. 99, 246 N.W. 451.

The evidence herein shows that plaintiff prior to and at the time of the accident used the Willys jeep pickup truck as a commercial type vehicle for cargo purposes. Plaintiff testified:

"Q. This pickup truck was a part of the equipment used on the job? A. We used it on the job, yes.

"Q. You haul gas, oil, oil barrels and so forth in it? A. Yes.

* * * * * *

"Q. This Jeep was used to haul fuel to the equipment wasn't it? A. Yes.

"Q. And parts? A. Yes."

Plaintiff then negated any personal use of the vehicle by his testimony:

"Q. Up to this time of the day of the accident, did you ever drive the Jeep for your own personal use? A. No, sir. I never had any occasion to.

"Q. Did any of the family? A. No, sir."

He then testified that he was operating the pickup truck in hauling cargo to the job at the time of the accident of May 5, 1956; that the cargo consisted of rubber belting or pads, to place onto the oiled highway for use by cleated caterpillars when entering upon the highway.

Insuring Agreement No. V of the insurance policy refers to plaintiff's private passenger automobile described in the policy's declarations, as covered by the insur-

ance afforded by the policy; also, to any automobile "not of the private passenger *type*" while used in plaintiff's business or occupation, as not covered by the insurance afforded by the policy.

It is the *type* of motor vehicle used at the time of the accident which constitutes the criterion of defendant's liability, or lack thereof, under the insurance policy. Clearly, as stated in the policy, the Willys jeep pickup truck was not a "private passenger automobile" nor an automobile of the "private passenger type." It was a half-ton pickup truck, actually used as a truck for hauling cargo, and cannot, as a matter of law, be considered a "private passenger type" vehicle.

Additionally, the evidence is undisputed showing that the vehicle, prior to and at the time of the accident, was not used by plaintiff as a private passenger type automobile, nor for plaintiff's private purposes, but for hauling cargo onto the job in the course of plaintiff's occupation.

The facts are not in controversy. Only the question of law is in controversy. Therefore, the case need not be remanded for a new trial. Johnston v. Maryland Casualty Co., 22 Wash.2d 305, 155 P.2d 806.

We deem it unnecessary to decide the remaining questions presented by defendant's assignments of error.

The judgment is reversed and the cause remanded with instructions to dismiss the action. Costs to defendant-appellant.

TAYLOR, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.