**PRIME DRILLING COMPANY, a corporation, Appellant,**

v.

**STANDARD ACCIDENT INSURANCE COMPANY, a corporation. Appellee.**

**No. 6898.**

United States Court of Appeals
Tenth Circuit.

May 25, 1962.

---

A. D. Weiskirch, Wichita, Kan., for appellant.

Richard C. Hite, Wichita, Kan. (W. A. Kahrs, Robert H. Nelson and H. W. Fanning, Wichita, Kan., were with him on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Prime Drilling Company, appellant-plaintiff, sued its public liability insurer, Standard Accident Insurance Company, to recover the cost of extinguishing a gas-well fire. Recovery was denied because the policy permitted the recovery of expenses only when incurred at the request of the insurer, there was no request, and the insurer had not waived the applicable policy provision. Jurisdiction is based on diversity.

The case was tried on a stipulation of facts. The insured drilled an oil and gas well in Kansas under contract. Believing the well to be dry, it obtained permission from the Kansas Corporation Commission to plug and abandon the hole. During the plugging operations there occurred a gas blowout followed by a fire. Kansas statutes and the regulations of the Corporation Commission obligated the insured to put out the fire. This difficult and dangerous undertaking lasted for 12 days, required the use of professional gas-well fire fighters, and cost the insured about $41,000.

The comprehensive public liability policy issued to the insured covered bodily injury liability, property damage liability—automobile, and property damage liability—except automobile. The policy stated that with respect to such coverages the insurer shall "reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's [insurer's] request." A further provision was that the insured shall not, except at its own cost, voluntarily make any payment, assume any obligation, or incur any expenses except in instances not here pertinent.

Promptly on the day of the fire and while it was blazing wildly out of control, the insured notified the agent who had written the policy and he in turn notified an adjusting service which acted for the insurer. The agent and the adjuster also represented another insurance company which had insured the drilling rig and equipment against damage and loss. The insured made no request of the insurer, its policy-writing agent, or its adjuster for the authorization of any expenditure and neither the insurer nor any one in its behalf authorized the insured to incur any expense.

The insured argues that the extinguishment of the fire was to the benefit of the insurer because of its potential liability under the policy and that, because of the knowledge and conduct of its agents, the insurer has waived, or is estopped from reliance on, the policy provision restricting reimbursement of expenses to those incurred at the insurer's request.

■ The policy was issued in Kansas and the law of that state determines liability.[1] The general rule, recognized in Kansas,[2] that an ambiguous insurance policy is to be construed in favor of the insured does not apply as there is nothing ambiguous about the policy provisions in question. The Kansas Supreme Court maintains that it will not "evade the meaning of the words manifestly intended by the parties,"[3] and that the function of the court is "to enforce the contract as made."[4] The Kansas test for the construction of an insurance policy is that its terms mean "what a reasonable person in the position of the insured would have understood them to mean."[5]

■ No reasonable man could misunderstand the policy provisions with which we are concerned. The policy insures against specific liabilities and in addition provides for reimbursement of the insured's expenses in connection with such coverage only when those expenses arise from a request of the insurer. Whatever question there may be as to whether the expenses were of such a nature that the insurer could request the insured to incur them need not be resolved. The point is that the insured spent the money not in reliance upon any policy coverage or any request by the insurer but in performance of its legal duty to put out the fire.

■ Reliance on waiver and estoppel avails nothing. The agents of the insurer knew of the fire and observed it but by neither action, statement, representation, request, nor any other conduct did they provoke the insured's reasonable belief that the insurer would pay the fire-fighting expense. Activities of those agents in investigating the situation on behalf of another company which had insured the rig and equipment against fire damage are without effect as the agents did nothing to bind the liability insurer, to request the insured to make any expense, or to mislead the insured as to the position of the liability insurer.

■ Cases relating to the waiver of a forfeiture clause are not in point as there is no question of forfeiture. The facts stated in Pelischek v. Voshell, 181 Kan. 712, 313 P.2d 1105, 1109, as essential to an estoppel are not present to bar reliance upon the policy condition necessitating a request by the insurer for the incurrence of an expense before reimbursement is required. If it be

1. Horn v. Allied Mutual Casualty Company, 10 Cir., 272 F.2d 76, 78–79.

2. Miller v. Farmers Mutual Automobile Insurance Company, 179 Kan. 50, 292 P. 2d 711, 715.

3. Blair v. Automobile Owners Safety Insurance Company, 178 Kan. 615, 290 P. 2d 1028. 1030.

4. Knouse v. Equitable Life Ins. Co. of Iowa, 163 Kan. 213, 181 P.2d 310, 312.

5. Braly v. Commercial Cas. Ins. Co., 170 Kan. 531, 227 P.2d 571, 577.

taken that the expenses claimed are beyond policy coverage, waiver and estoppel do not operate to extend liability beyond policy terms.[6]

Affirmed.

---

6. State Farm Mutual Automobile Ins. Co. v. Petsch and Son, 10 Cir., 261 F.2d 331, 335, and authorities cited in note 12. While there is no Kansas case on this point, it is assumed that Kansas will follow the general rule. Further, the trial judge, learned and experienced in Kansas law, recognized and followed this rule.