350 F.2d 568
 Fred F. LEHMAN, Administrator of the Estate of Milton E.
Lehman, deceased, Margaret Wright, Administratrix
de bonis non of the Estate of Donald
Dean Wright, deceased, and Abe
Cox, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Garnishee, Appellee.
 No. 8100.
 United States Court of Appeals Tenth Circuit.
 Sept. 13, 1965.
 
 William A. Buckles, Burlington, Kan., for appellant (Clifford L. Malone and Joe Rolston, Wichita, Kan., on the brief).
 Malcolm Miller, Wichita, Kan., for appellee (Robert C. Foulston and Benjamin C. Langel, Wichita, Kan., on the brief).
 Before BREITENSTEIN, HILL and SETH, United States Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 This is the second appeal of this case. The facts are set out in the previous opinion at 334 F.2d 437, and it is not necessary to repeat them here other than to state that Mr. Abe Cox was the named insured under a policy of the garnishee State Farm Mutual Automobile Insurance Company, and it was found that he was engaged in a joint adventure with a third party for the hauling of produce and other commodities. The named insured at the time of the accident was transporting the decedents in a car for the purpose of reloading produce which had spilled by the side of the highway as a result of an accident. He had picked them up in Leroy, Kansas, and was driving the car enroute to the location of the overturned produce truck at the time the fatal accident occurred.
 
 
 2
 The insured at the time of the accident was driving what the insurance policy describes as a 'non-owned' automobile. This policy provides for coverage of the named insured while driving such a non-owned automobile, and also covers 'any other person or organization legally responsible for the use by the named insured. * * *' of such automobile. The policy defines the term 'insured' to include the named insured, and again 'any person or organization legally responsible for the use thereof by an insured. * * *'
 
 
 3
 The issue on this appeal concerns primarily an exclusion clause in the policy. This exclusion states that the policy shall not apply to 'bodily injury of any employee of the insured arising out of and in the course of the insured's employment, * * *.'
 
 The trial court found in substance:
 
 4
 1. That the joint adventure must be considered as an organization responsible for the use of the automobile in question by the named insured Abe Cox at the time of the accident and became an 'insured';
 
 
 5
 2. That the decedents were employees of the joint adventure at the time of the accident; and
 
 
 6
 3. That the exclusionary clause applies to employees of the joint adventure and is not limited by its terms to employees of the named insured.
 
 
 7
 The trial court concluded that the exclusion clause was applicable, and that State Farm was not liable under the policy to the decedents' representatives.
 
 
 8
 The plaintiffs-appellants argue on this appeal that the trial court was in error in finding the decedents at the time of the accident to be employees under the exclusion clause, and that their deaths did not arise out of and in the course of 'the insured's' employment. Appellants also contend that State Farm Mutual is estopped to contend that the decedents were employees of a joint adventure.
 
 
 9
 The findings of the trial court are clearly supported by the evidence. The record shows that the decedents were hired by Abe Cox at the town of Leroy, Kansas, where he resided. He made a statement which in part said:
 
 
 10
 I went down to the pool hall and talked to Milton E. Lehman and Donald Wright who were both there at the time about going up with me and helping me unload the truck. We didn't agree on how much I was to pay them but I did tell them I would pay them. We didn't know how long we would be gone. I drove back to my brother's house alone and picked up my brother's 1956 Chevrolet 2-door sedan and returned to the pool hall and picked up the boys and we left Leroy after 12 noon.
 
 
 11
 It is clear that the decedents were engaged for this one job of reloading the produce, and that their transportation to the place where they were to work was part of the arrangement. Abe Cox in the above-quoted statement indicates that the decedents were engaged to go with him. Abe Cox in undertaking to reload the spilled produce was engaged in furtherance of the joint adventure, and this had commenced at the time the decedents were hired in Leroy, Kansas. The hiring and the transportation of the decedents was part of the joint adventure, and the trial court was correct in holding that the decedents were employees of the joint adventure. This is in conformance with Elliott v. Behner, 150 Kan. 876, 96 P.2d 852 and Leiker v. State Farm Mutual Automobile Ins. Co., 193 Kan. 630, 396 P.2d 264.
 
 
 12
 The appellants urge that the exclusionary clause in referring to employees of 'the insured' and to their injury arising out of 'the insured's employment' refers only to the named insured-- and his own employment. As indicated above, the named insured Abe Cox was found to be acting in furtherance of the joint adventure and as stated by the trial court, was 'performing duties which he customarily performed pursuant to the joint venture. * * *' This removes any question as to course of employment. The appellants' point in this connection also relates to the use of the word 'the' before 'insured', as meaning only employees of the named insured. The trial court answered this contention of the appellants in a clear and concise manner when it stated:
 
 
 13
 We conclude that exclusion clause (e) providing that the policy does not apply to 'bodily injury to any employee of the insured arising out of and in the course of the insured's employment, * * *' is not limited to employees of the named insured but includes also employees of an additional insured such as the joint venture here involved. In other words, we do not read 'the' prefacing 'insured' as a qualification within the definition of the 'unqualified word 'insured". The policy defines 'named insured' and 'insured'. The policy contains liberal use of the phrase 'named insured'. We will not strain ourselves to create an ambiguity where we feel in common sense there is none.
 
 
 14
 We agree with the trial court that the construction urged here by the appellants would create an ambiguity in the policy where none exists and would not be consistent with the remainder of the policy. The trial court then concluded that the exclusion applied to the joint adventure and was not limited to the named insured.
 
 
 15
 The general purpose of an exclusionary clause relating to employees of an insured is clear and well-recognized. The insurer distinguishes between its possible liability to the public and to employees of the insured. It is apparent that the nature of the risk is different as to the two groups, and customarily other types of insurance are provided to cover the risk of injury to employees. This distinction appears in Tri-State Casualty Ins. Co. v. Loper, 204 F.2d 557 (10th Cir.), and the court describes the applicable standards for construction of such a policy as is before us. The rule of construction with reference to Kansas was set out in Prime Drilling Co. v. Standard Accident Insurance Co., 10 Cir., 304 F.2d 221. See also Blair v. Automobile Owners Safety Insurance Co., 178 Kan. 615, 290 P.2d 1028; Knouse v. Equitable Life Ins. Co. of Iowa, 163 Kan. 213, 181 P.2d 310; and for the standard generally Hercules Casualty Ins. Co. v. Preferred Risk Ins. Co., 10 Cir., 337 F.2d 1, and Taylor v. New York Life Insurance Co., 10 Cir., 324 F.2d 768.
 
 
 16
 In the case at bar the wording of the exclusion clause in the policy is clear and conveys a definite meaning. Although there is no direct Kansas authority on the point the case of Leonard v. Maryland Casualty Co., 158 Kan. 263, 146 P.2d 378, is persuasive, as are the Kansas cases cited above. The appellant urges that the case of Bean v. Gibbens, 175 Kan. 639, 265 P.2d 1023, governs but the case is clearly distinguishable by reason of the nature of the employment and the relationship to it of the transportation.
 
 
 17
 The appellants also urge that the insurer is estopped to contend that the decedents were employees of a joint adventure by reason of a letter dated July 19, 1960, which referred to them as employees of Abe Cox. This does not serve as a basis for an estoppel of the insurance company from making the contentions it subsequently did during the course of the litigation. None of the elements of the doctrine are shown to be present.
 
 
 18
 The appellants also urge that they are entitled to recover attorneys fees but there is no basis for such a contention under the applicable laws of Kansas.
 
 The case is therefore
 
 19
 Affirmed.