HELEN L. LARAWAY

*v.*

HEART OF AMERICA LIFE INSURANCE COMPANY,
*a Corporation*

(No. 12792)

Submitted May 6, 1969. Decided June 3, 1969.

*Baker & Armistead, Charles S. Armistead,* for appellant.

*Clark B. Frame,* for appellee.

CALHOUN, JUDGE:

This case, on appeal from a final judgment of the Circuit Court of Monongalia County, involves an action instituted in that court by Helen L. Laraway, as plaintiff, against Heart of America Life Insurance Company, a corporation, as defendant, to recover the sum of $12,000 alleged to be due her as the beneficiary under the terms of an accident insurance policy issued by the defendant company to her husband, Robert L. Laraway. The insurance policy provided for death benefits in the sum of $12,000 to be paid to the plaintiff as beneficiary in case of an accidental injury resulting in the death of the insured. The plaintiff's husband, the insured, was accidentally killed while riding as a passenger in a pickup truck. The basic question presented for decision is whether the pickup truck was a "private passenger automobile" within the meaning of the provisions of the insurance policy.

The case was tried by the court in lieu of a jury. From a judgment for $12,000 rendered by the trial court in favor of Helen L. Laraway, the plaintiff, against Heart of America Life Insurance Company, the defendant has been granted the appeal to this Court.

The case was submitted to the trial court for decision upon the complaint; upon a motion of the defendant to dismiss the action upon the ground of alleged improper venue and on the ground that Heart of America Life Insurance Company was not the proper party defendant; upon an affidavit filed as an exhibit with the motion to dismiss the action; upon an answer to the complaint

filed by the defendant; upon a stipulation of facts; upon the testimony of three witnesses taken at the bar of the court; and upon oral argument of counsel.

The case was submitted for decision in this Court upon the record made in the trial court and upon briefs in writing and oral argument of counsel.

The plaintiff and her husband, prior to his death, were residents of Terra Alta in Preston County, West Virginia. The plaintiff continued to be a resident of Preston County at the time of the trial. The husband, prior to his death, had been employed as a foreman by Charles S. Dell Company at York, Pennsylvania. He remained in Pennsylvania in connection with his employment during work days and returned to his home on weekends. For about a month prior to the time of the death of the insured, his son, Everett Kent Laraway, had been working with the insured for the same employer and at the same employment site in Pennsylvania. In traveling between their home and their place of employment, they took turns in driving the employer's pickup truck from time to time. While they were traveling from their home to their place of employment on Monday morning, September 11, 1967, and while the son was driving the employer's pickup truck, the accident occurred. The stipulation of facts entered into in the trial court contains the following language:

"2. On Monday, September 11, 1967, the said Robert L. Laraway, while riding as a passenger in a 1966 Chevrolet Pickup Truck with a stake body, was killed when the driver of said vehicle allowed or permitted said vehicle to run into a large oak tree along the right of way of Route 30 approximately two miles east of New Oxford in Mt. Pleasant Township, Adams County, Pennsylvania.

"3. The pickup truck in which Mr. Laraway was riding at the time of his death was furnished to him by his employer, * * * and the said Laraway was required to use said truck as a condition of his employment and was permitted by his

employer to take said truck with him to his home over weekends. The said Laraway, as foreman for said company, used the truck to haul his tools, to pick up supplies and materials for his employer.

"4. Helen L. Laraway, the plaintiff in this action, is receiving Workmen's Compensation benefits from the Bureau of Compensation of the Commonwealth of Pennsylvania as a result of the death of the said Robert L. Laraway, his death having occurred within the scope of his employment as an employee of said Charles S. Dell Company."

Whether a pickup truck may be regarded as an "automobile" within the coverage of an accident insurance policy depends in a great measure upon the language of the policy. If the language of the policy in this respect is ambiguous, courts may consider the nature of the construction of the vehicle; whether it is used for private personal purposes as distinguished from business or commercial purposes; and whether, if used for private purposes, it is used for the transportation of passengers as well as for transportation of property. Annot., 38 A.L.R. 2d 867; 45 C.J.S., Insurance, Section 770, page 796; 10 Couch, Insurance 2d, Section 41:268, page 266 et seq; 1A Appleman, Insurance Law and Practice, Section 573, page 398.

Counsel have cited no court decision involving the exact language which is involved in the policy in this case. We are not aware of any such decision. While we consider the policy provision to be clear and unambiguous, we nevertheless consider it pertinent to note that the pickup truck involved in this case was not owned by an individual and that it was not used for private purposes. It was owned and used for business purposes by a corporation which, according to the testimony, apparently was engaged in fabricating metal sheets to be used in constructing large buildings. There is no evidence that the truck was ever used for the transportation of passengers other than the insured and his son in connec-

tion with their, employment. A photograph of the truck which appears in the record discloses that it was equipped with "a stake body" which extended higher than the top of the cab of the truck. This obviously was for the purpose of facilitating the transportation of property rather than the transportation of persons.

The following language appears conspicuously on the face of the policy involved in this case: "THIS IS A LIMITED POLICY READ IT CAREFULLY". The restrictive language of the policy does not stop with the provision that it covers bodily injuries to the insured resulting in his death while actually riding in or driving "any private passenger automobile". By the language ensuing immediately thereafter, the policy defines the word "automobile" and the words "a private passenger automobile" as follows: "As used in this policy, automobile means a land vehicle of the type commonly and ordinarily known and referred to as 'automobile', and a private passenger automobile means a *private automobile of the private passenger design designed primarily for transporting persons.*" (Italics supplied.)

In connection with an annotation directly pertinent to the present case, the following statement appears in 38 A.L.R.2d at page 870: "One of the rules which has been applied most frequently is the principle that words in an insurance policy are to be given their ordinary and usual meaning. Thus, under this rule, the courts have said that the terms 'automobile' or 'car' should be interpreted as they are popularly understood." This Court has held repeatedly that language of an insurance contract which is clear and unambiguous cannot be construed or interpreted but must be applied in accordance with the intent expressed therein. *Lewis* v. *Dils Motor Company,* 148 W. Va. 515, 135 S. E.2d 597.

We are of the opinion that the trial court erred in holding that the pickup truck was a private passenger automobile within the meaning of the clear and unambiguous provisions of the insurance policy. Cases from

other jurisdictions which, we believe, sustain the Court's decision in this respect include the following: *Spence* v. *Washington National Insurance Company*, 320 Ill. App. 149, 50 N. E.2d 128; *Dirst* v. *Aetna Life Insurance Company*, 232 Iowa 910, 5 N. W.2d 185; *Gray* v. *North American Company For Life, Accident And Health Insurance*, 128 So. 2d 223 (La. App. 1961); *La Fon* v. *Continental Casualty Company*, 241 Mo. App. 802, 259 S. W.2d 425; *Marshall* v. *Washington National Insurance Company*, 246 N. C. 447, 98 S. E.2d 345; *Lloyd* v. *Columbus Mutual Life Insurance Company*, 200 N. C. 722, 158 S. E. 386; *Pennell* v. *United Insurance Company*, 150 Tex. 541, 243 S. W.2d 572; *Johnston* v. *Maryland Casualty Company*, 22 Wash. 2d 305, 155 P.2d 806.

While the defendant, on this appeal, relies primarily on the contention that the policy does not cover the death of the insured resulting from the accident which occurred in the circumstances of this case while he was riding as a passenger in the pickup truck, the defendant alternatively contends that its motion to dismiss the action should have been sustained. One ground of the motion involved the question of venue and that in turn involved the question whether it had been properly established that the defendant, a foreign corporation, was "doing business" in Monongalia County within the meaning of Code, 1931, 56-1-1 (b) prior to the time of the commencement of the action. The other ground of the motion involved the contention that Heart of America Life Insurance Company, on March 30, 1967, "merged into" National Western Life Insurance Company, a Colorado corporation, and that therefore Heart of America Life Insurance Company was not a proper party defendant.

In view of our holding that the insurance policy did not cover the death of the insured in the circumstances of this case, and that the beneficiary is not entitled to the recovery she seeks in this action, we deem it unnecessary to decide and therefore do not decide the questions arising upon the motion to dismiss. No cross-assignment of error

has been made in behalf of the plaintiff. The questions raised by the motion to dismiss are not jurisdictional in character. The plaintiff adopted Monongalia County as the proper venue for the action. After the motion to dismiss was overruled by the trial court, Heart of America Life Insurance Company filed its answer to the complaint; participated by counsel in the trial of the case; consented to the trial of the case by the court in lieu of a jury upon the policy of insurance issued by it; and has prosecuted the appeal to this Court.

For reasons stated in this opinion, the judgment of the Circuit Court of Monongalia County is reversed and the case is remanded to that court for such further proceedings as may be proper and consistent with this opinion.

*Reversed and remanded.*