MADDOX, Justice.
The United States Court of Appeals for the Fifth Circuit has certified to this Court a question of law. The Fifth Circuit’s certification reads as follows:
“TO THE SUPREME COURT OF ALABAMA AND THE HONORABLE JUSTICES THEREOF:
“It appears to the United States Court of Appeals for the Fifth Circuit that the above styled case in this Court involves questions or propositions of the law of the State of Alabama which are determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Alabama. This Court hereby certifies the following question of law to the Supreme Court of Alabama for instructions concerning said question of law pursuant to Section 6.02(b)(3) of the Constitution of Alabama of 1901, as amended, as follows:
“1. Style of the Case.
The style of the case in which this Certificate is made is Erma P. Berdeaux, Plaintiff-Appellee, v. Gamble Alden Life Insurance Company, Defendant-Appellant, being Case No. 74-2196, United States Court of Appeals for the Fifth Circuit, such case being an appeal from the United States District Court for the Middle District of Alabama.
“2. Statement of the Case.
On March 22, 1973, Eddie L. Berdeaux, the insured, lost his life while operating a 1970 Ford one-half ton pickup truck. On said date an accident policy was in full force and effect. Erma P. Berdeaux, the wife of the insured, Eddie L. Berdeaux, was the beneficiary under said policy which is in the amount of Twenty-Four Thousand Dollars ($24,000.00). Across the face of the policy there appears in two places, the following in block capital letters:
‘THIS IS A LIMITED POLICY READ IT CAREFULLY’
Said accident policy provided under the heading ‘ACCIDENTS COVERED, Automobile Accidents’ a payment for acei- *404 dents occurring while the ‘insured is actually riding in or driving any private passenger automobile.’ The policy, at that point, then defined ‘automobile’ to mean ‘a land vehicle of the type commonly and ordinarily known and referred to as “automobile” ’, and a ‘private passenger automobile’ as a ‘private automobile of the private passenger design designed primarily for transporting persons.’ On April 19, 1973, Mrs. Berdeaux made timely demand upon Gamble Alden Life Insurance Company for payment under said policy. The insurer denied coverage on the ground that the insured’s 1970 Ford one-half ton pickup truck was not a private passenger automobile as defined in the policy. On October 23, 1973, Mrs. Berdeaux commenced this action in United States District Court against Gamble Alden Life Insurance Company on the jurisdictional ground of diversity of citizenship. The insurer denied coverage and moved for a summary judgment in its favor on the issue of coverage for an accident occurring in other than a private passenger automobile as said term is defined in the policy. On January 29, 1974, the District Court denied said motion, holding that the policy provision was ambiguous. On April 2,1974, a judgment in the amount of Twenty-Four Thousand Dollars ($24,000.00) was rendered in favor of Mrs. Berdeaux pursuant to a jury verdict rendered on April 1, 1974.
“3. Question to be Certified:
Does the accident policy referred to above unambiguously exclude a 1970 Ford one-half ton pickup from the scope of coverage?
“The entire record in this case, together with copies of the briefs of the parties in this Court, the Appendix of the record, and agreed certification in this Court are transmitted herewith.”
We answered the Certified Question in the negative. The accident policy referred to does not unambiguously exclude a 1970 Ford one-half ton pickup from the scope of the coverage.
Implicit in the argument of the insurer is that this Court must take judicial notice that a 1970 Ford pickup is not “a private automobile of the private passenger design designed primarily for transporting persons.” We judicially know that pickup trucks are adapted for and are commonly used, in part, as passenger vehicles. We also judicially know that such vehicles are adapted for and are commonly used, in part, to carry loads. Which use was intended by the manufacturer to be primary is doubtful as a fact of general knowledge, and we are unwilling to accord judicial recognition to it.
We note from the record which was forwarded to us by the Fifth Circuit Court of Appeals that there was testimony presented in the United States District Court to the effect that the vehicle in question was designed to take into consideration the use to which the vehicle would be put. For example, the insurer’s expert witness testified as follows:
“Q Have you had the occasion to consider what the primary design of a Ford pickup truck is?
“A Yes. On two separate occasions I have been the principal engineer in charge of the evolution of a new truck series. And almost the first thing you do is, you think of how will this truck be used and what must we put into it to make the utility of the truck as great as possible so that it appeals to the widest segment of the market. Contrary to some manufacturers, we do not try to design many, many trucks in light truck engineering, to cover the market place; but we try to design a single truck, the pickup, which has the broadest possible utility.” [Emphasis added.]
In Tuttle v. Gamble Alden Life Insurance Company, 385 F.Supp. 1352, 1356 (N.D.Tex.1974), the Court construed a policy with language identical to the one involved in this case. There, the Court said, as follows:
“As to whether or not a pickup is a passenger automobile within the meaning of the policy in question is a question of material fact and to be determined by the *405 trier of facts, which is the court, in this instance.” [Emphasis added.]
Although the trial court, in the Tuttle case, found that the vehicle involved there was not covered under the terms of the policy, the Court did determine that the question presented was one for the trier of the facts. See also English v. Old American Insurance Co., 426 S.W.2d 33, 37 and 38 (Mo.1958), 38 A.L.R.2d 867; Contra, Laraway v. Heart of America Life Insurance Co., 153 W.Va. 70, 167 S.E.2d 749 (1969).
HEFLIN, C. J., and MERRILL, BLOOD-WORTH, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.