912 P.2d 119

**MUTUAL OF ENUMCLAW INSURANCE COMPANY, Plaintiff–Respondent,**

v.

**David M. ROBERTS, Defendant,**

and

**Denise Roberts, as the mother and special conservator of Drew Roberts, a minor, Defendant–Appellant.**

No. 21495.

Supreme Court of Idaho, Boise, December 1995 Term.

March 5, 1996.

Bohner Chasan & Walton, Boise, for appellant.

Benoit, Alexander, Sinclair, Harwood & High, Twin Falls, for respondent.

TROUT, Justice.

This is an insurance coverage case in which the insurer sought a judicial declaration that, under a homeowner's insurance policy, it was neither obligated to defend the insured nor to cover claims against him arising from injuries sustained by the insured's son in a swimming pool accident.

## I.

## BACKGROUND

Mutual of Enumclaw (Mutual) issued a homeowner's insurance policy (Policy) on January 19, 1991, listing the "Named Insured" as "David M & Denise M Roberts" (David and Denise) and "The Premises Covered By This Policy" as "775 Owyhee, Ada County, Kuna, Idaho 83634." On the date of the Policy's issuance David and Denise resided together at this address along with their three sons. The Policy provided, among other things, personal liability coverage for claims brought against an insured for bodily injury or property damage. This coverage was subject to certain exclusions. The Policy also provided for limited coverage of certain medical expenses incurred by a person who suffers bodily injury.

David and Denise separated on March 19, 1991. Denise and the Roberts's three children moved out of the 775 Owyhee home and into an apartment in Kuna while David continued to live in the 775 Owyhee residence. Around this same time David and Denise also became parties to a divorce action which included the issue of custody of the three children. An interim order was issued on May 16, 1991, which awarded Denise primary physical custody of the children although David was allowed visitation.

In early July of 1991, the three children went to visit David who was temporarily staying at a motel in Oregon in connection with his job. This arrangement had been planned and was considered part of the visi-

tation allowed under the interim order. On July 25, 1991, and during this visitation Drew Roberts, the four-year-old son of Denise and David, nearly drowned in the swimming pool at the motel. He suffered a profound brain injury causing spastic quadriparesis, cortical blindness, marked dysphagia with reflux (difficulty swallowing and reverse tongue action pushing food back out of his mouth), and marked neurocognitive dysfunction. As a result of his injuries he will remain in a near vegetative state requiring rehabilitation therapy and daily home nursing for the remainder of his life. The final judgment and decree of divorce between David and Denise was issued on May 12, 1992, and that decree awarded Denise the sole legal and physical custody of Drew subject to visitation by his father.

Denise filed suit against David in an Oregon court alleging that his negligence was the proximate cause of Drew's near drowning. A timely notice of claim and proof of loss was also submitted to Mutual by or on behalf of Drew for coverage under the personal liability provisions of the Policy. The claim was denied based upon exclusions in the Policy which deny personal liability coverage for any bodily injury to an "insured", as defined in the insurance contract. Mutual also refused coverage under the Medical Payments to Others clause which provides payment of up to $1,000 for medical expenses incurred as a result of accidental bodily injury.

Mutual filed a declaratory judgment action against David and against Denise, as mother and special conservator of Drew, to determine its responsibilities under the Policy to defend David and provide him personal liability coverage for claims arising from the injuries sustained by Drew in the accident. David failed to appear, and upon Mutual's motion a default judgment was entered against him. Mutual and Denise each moved for summary judgment and after a hearing on the cross-motions, the district court granted Mutual's motion and denied Denise's motion for summary judgment. The court found that David, Denise and Drew are all insureds under the insurance policy in question and that there is no insurance coverage

for nor duty to defend David for claims arising from the accident. The district court also found that Drew's right to medical payments coverage under the Policy was not properly at issue in the matter and dismissed that claim without prejudice. Denise appeals from the order granting summary judgment in favor of Mutual.

## II.

### STANDARD OF REVIEW

 A motion for summary judgment must be granted by a district court if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). A review by this Court of a district court's ruling on a motion for summary judgment is the same as that required of the district court when it rules on the motion. *Curtis v. Firth*, 123 Idaho 598, 610, 850 P.2d 749, 761 (1993). Accordingly, this Court will liberally construe the record in a light most favorable to the party opposing the motion, drawing all reasonable inferences in favor of that party. *Id.* (citing *McCoy v. Lyons*, 120 Idaho 765, 769, 820 P.2d 360, 364 (1991)). If the record contains conflicting inferences or if reasonable minds might reach different conclusions, then the district court's order granting summary judgment must be reversed. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Kline v. Clinton*, 103 Idaho 116, 645 P.2d 350 (1982); *Farmer's Ins. Co. of Idaho v. Brown*, 97 Idaho 380, 544 P.2d 1150 (1976). If, however, the evidence reveals no genuine issue as to any material fact then all that remains is a question of law over which this Court exercises free review. *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 485, 887 P.2d 29, 30 (1994) (citing *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994)).

## III.

### PERSONAL LIABILITY COVERAGE

 The first issue raised here is whether the provisions of the Policy which

serve to exclude personal liability coverage to David for this claim either do not apply in this situation or are ambiguous and should be construed against Mutual. With contracts of insurance, this Court has adopted certain canons of construction that guide our ultimate resolution of a conflict. As contracts of adhesion, not typically subject to negotiation between the parties, an ambiguity must be construed most strongly against the insurer. *Kromrei v. AID Ins. Co. (Mut.)*, 110 Idaho 549, 551, 716 P.2d 1321, 1323 (1986) (citing *Moss v. Mid–American Fire and Marine Ins.*, 103 Idaho 298, 300, 647 P.2d 754, 756 (1982)). Where the policy language is clear and unambiguous, however, coverage must be determined in accordance with the plain meaning of the words used. *Id.* (citations omitted). When confronted with ambiguous language in an insurance contract, we must determine what a reasonable person would have understood the language to mean. *AID Ins. Co. (Mut.) v. Armstrong*, 119 Idaho 897, 900, 811 P.2d 507, 510 (Ct.App.1991) (citations omitted). The words used in the insurance policy must then be construed in their ordinary meaning. *Thomas v. Farm Bureau Mut. Ins. Co. of Idaho*, 82 Idaho 314, 319, 353 P.2d 776, 779 (1960) (quoting Couch on Insurance, 2d ed., Vol. 1 at 678–79).

 The first or declarations page of the Policy lists the "Named Insured" as "David M & Denise M Roberts" and "The Premises Covered By This Policy" as "775 Owyhee, Ada County, Kuna ID 83634." Prior to describing the coverages provided under the Policy, a list of definitions are set forth to guide the insured in understanding the terms used within. These definitions provide, in pertinent part, that:

In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household.

. . . .

3. "insured" means you and residents of your household who are:

a. your relatives; or

b. other persons under the age of 21 and in the care of any person named above.

. . . .

The Policy then sets out the coverages provided. Under "Coverage E—Personal Liability," if a claim is brought against an insured for damages because of bodily injury or property damage, the Policy will pay the damages the insured is liable for up to a certain limit and provide a defense at the insurer's expense. This liability coverage is subject to certain exclusions, however, which provide, in pertinent part, that:

2. **Coverage E—Personal Liability,** does not apply to:

. . . .

f. **bodily injury** to you or an **insured** within the meaning of part a. or b. of **"insured"** as defined.

The provisions of Coverage E—Personal Liability clearly serve to exclude coverage if bodily injury occurs to an "insured," defined as "you" and residents of "your" household who are either "your" relatives or are other persons under the age of twenty-one and in the care of any other person named above. To clarify who, in fact, "you" and "your" are, the very first sentence in the Definitions section states that these terms refer to the " 'named insured' shown in the Declarations and the spouse if a resident of the same household."

Denise argues that the phrase in the Policy which states that " 'you' and 'your' refer to the 'named insured' shown in the Declarations and the spouse if a resident of the same household" is contradictory, or at least ambiguous, in her situation because she was a named insured but was not, at the same time, a resident of the same household as her spouse when the accident occurred. As the district court noted at the motion hearing, however, the most logical interpretation of this phrase is that the spouse of a named insured is an insured under the contract of insurance if the spouse is not otherwise named in the declaration. This interpretation, both logical and consistent, does not create the contradiction Denise contends is inherent in the stated language.

 The described provisions also do not create an ambiguity which we must

construe with the assistance of the various canons of construction. The Policy unambiguously excludes from personal liability coverage any bodily injury that occurs to a named insured or to relatives living with a named insured. Drew was certainly a resident of Denise's household at the time of the accident regardless of whether he was at that time also a resident of David's household. The injury suffered by Drew, tragic as it is, is thus expressly excluded from personal liability coverage by the plain language of the Policy. If the language of a policy is susceptible to only one meaning this meaning must be given effect for a court may not, by construction, create liability in a contract where none exists. *Thomas,* 82 Idaho at 318, 353 P.2d at 778 (quoting *Miller v. World Ins. Co.,* 76 Idaho 355, 357, 283 P.2d 581, 582 (1955)); *Burgess Farms v. New Hampshire Inc. Group,* 108 Idaho 831, 834, 702 P.2d 869, 872 (Ct.App. 1985). There is no obligation on courts to countenance a tortured construction of an insurance contract's language in order to create an ambiguity and thus provide an avenue for coverage where none exists.

## IV.

## MEDICAL EXPENSE COVERAGE

■ Under "Coverage F—Medical Payments To Others," Mutual agreed to pay necessary medical expenses that are incurred as the result of an accident causing bodily injury. This coverage is limited to $1,000 under the terms of the Policy and excludes from coverage the named insured and residents of the household. Denise raised the issue of medical expense coverage under the Policy in the briefs supporting her motion for summary judgment. Mutual asserted at the hearing on the cross-motions for summary judgment, however, that this issue was neither raised in the insurer's complaint nor in Denise's answer and was therefore not a matter that was properly before the court.

Mutual's complaint sought a judicial declaration that the insurer was not liable under the Policy for the personal liability of David for the claims raised against him. Denise's answer asserted that Mutual was liable under the Policy "which provides liability insurance coverage" and that she has "submitted to [Mutual] such notice of claim for coverage under the policy, all proofs of loss requested or required by [Mutual] for coverage under the policy, and a demand for coverage under the policy."

Denise contends that the issue of Coverage F is implicit in her answer and that the medical payment claim is based on the same undisputed facts and the same policy and should therefore be resolved at this time. At the hearing, the district court noted that both the complaint for declaratory judgment and Denise's answer were to resolve the question of Mutual's third party liability for David's alleged wrongdoing. The court then stated, in its written order, that "[t]he issue of the right to medical payments coverage under the policy of insurance in question is not properly at issue in the matter and accordingly it is not part of this decision and the rights of the parties in regards thereto shall continue without prejudice."

Typically, recovery under a medical expense provision of an insurance policy is completely independent of any liability on the part of the insured and instead creates a direct liability on the insurer. *See, e.g., Motto v. State Farm Mut. Auto. Ins. Co.,* 81 N.M. 35, 36, 462 P.2d 620, 621 (1969). The district court found that the medical payments coverage under the Policy was not a part of this action since the parties, through their pleadings, were only seeking a declaratory judgment as to the insurer's obligation to cover David's liability for the accident. For that reason, nothing in the court's summary judgment order in any way affected or was an interpretation of that clause. Since this Court will not consider an issue for the first time on appeal, *Beco Constr. Co. v. City of Idaho Falls,* 124 Idaho 859, 865, 865 P.2d 950, 956 (1993), we hold that the issue of medical payment coverage is not properly before us.

## V.

## ATTORNEY FEES

Both parties in this action claim an entitlement to an award of attorney fees predicated

upon two distinct statutory bases. Denise claims attorney fees pursuant to I.C. § 41–1839 and Mutual claims attorney fees on appeal pursuant to I.C. § 12–121 and I.A.R. 40 and I.A.R. 41.

Attorney fees are available to an insurance claimant in any action brought against the insurer for recovery of the amount justly due under an insurance contract if the insurer fails, for a period of thirty days after proof of loss has been tendered, to pay the claimant that amount. I.C. § 41–1839. Since we have determined here that Mutual has no liability under Coverage E for the alleged negligence of David and that Coverage F is not properly an issue in this matter, then we must conclude that Denise is not entitled to attorney fees under this statute.

Mutual claims attorney fees under a statute which provides that a judge, in any civil action, may award attorney fees to the prevailing party. I.C. § 12–121. A court's ability to award attorney fees under I.C. § 12–121, however, is limited to just those cases in which the action "was brought, pursued or defended frivolously, unreasonably or without foundation." I.R.C.P. 54(e)(1). Although Mutual has ultimately prevailed on its appeal we feel that Denise did not frivolously defend or pursue her position. There was a clear enough question of the Policy's proper interpretation such that the award of attorney fees under this statute should be denied.

## VI.

### CONCLUSION

The order of the district court granting Mutual's motion for summary judgment is hereby affirmed. No attorney fees awarded on appeal. Costs to respondent Mutual.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.