974 P.2d 67

George Ty NEDROW and Cynthia Lynn
Nedrow, husband and wife,
Plaintiffs–Appellants,

v.

UNIGARD SECURITY INSURANCE
COMPANY, a corporation, and Does I
and V, inclusive, Defendants–Respondents.

No. 24079.

Supreme Court of Idaho,
Pocatello, October 1998 Term.

Nov. 20, 1998.

Steven W. Shaw, Pocatello, for appellant.

Hawley, Troxell, Ennis & Hawley, Pocatello, for respondent. Douglas J. Balfour argued.

JOHNSON, J.

This is an insurance case that involves questions of partnership law. We conclude that the trial court correctly ruled that a partner in a farming operation is not a "farm employee" under the medical payment coverage of an insurance policy insuring the partnership and that under section 53–313 of the Idaho Code (I.C.) a partner may not sue the partnership for personal injuries.

I.

THE BACKGROUND AND PRIOR
PROCEEDINGS

George Ty Nedrow (Ty) was a partner in a partnership known as Nedrow Brothers (the partnership). The other partners are Ty's brother, Tuk Nedrow (Tuk), and their father, George Nedrow. The partnership engaged in farming. Ty was not paid a salary or wages by the partnership, but made a monthly draw as a partner. The partners divided any profits of the partnership among themselves. The partnership employed seasonal workers. While working on the partnership farm, Ty injured his leg when a barrel that he was cutting with a torch exploded. The partnership, Ty, and Ty's wife (the insureds) were insured under a policy (the policy) issued by Unigard Security Insurance Company (Unigard). The policy provided $5,000 medical payment coverage (the medical payment coverage) for "farm employees" who were injured while employed by an insured and $500,000 general liability coverage (the

general liability coverage) for liability to a "farm employee" who was injured while employed by an insured. The general liability coverage provided coverage only if "the insured becomes legally obligated to pay [those sums] as damages." Unigard denied all coverage for Ty's injuries.

Ty and his wife sued Unigard seeking payment under both the medical payment coverage and the general liability coverage. The parties stipulated to allow an amendment to the suit adding the partnership as a defendant in a negligence claim. Unigard requested that the trial court grant summary judgment dismissing the suit. The trial court ruled that there is no coverage under either the medical payment coverage or the general liability coverage because Ty was not a "farm employee" and dismissed the claims against Unigard.

The parties stipulated to submit to the trial court a claim for declaratory judgment the following issue: "whether, under the facts of this case, a general partner may sue the partnership for bodily injury suffered during the conduct of partnership business." Unigard's attorney, acting on behalf of the partnership, then requested that the trial court grant summary judgment declaring that Ty, as a partner, could not sue the partnership for his injuries. In opposing the request for summary judgment, Ty and his wife stated the following facts that related to his injuries:

The partners had met on the morning of July 11, 1994. Tuk directed Ty to cut a barrel in two with a torch. Ty had objected to such activities as being dangerous on prior occasions but on this particular morning he simply complied with Tuk's request. He had checked the barrel the day before. As he began cutting, the barrel exploded and Ty was severely injured.

The trial court granted summary judgment as requested by the partnership and dismissed the claims against the partnership.

Ty and his wife appealed from trial court's dismissal of their claims against Unigard and the partnership.

## II.

## THE TRIAL COURT WAS CORRECT IN DISMISSING THE MEDICAL PAYMENT CLAIM AGAINST UNIGARD.

Ty and his wife assert that the trial court should not have dismissed their medical payment claim against Unigard. We disagree.

The medical payment provision of the policy states, as follows:

a. We will pay, to or for each "farm employee" who sustains "bodily injury" caused by an accident, all reasonable medical expenses to which this insurance applies.

The "bodily injury" must arise out of and in the course of the injured employee's employment by the insured....

b. We will pay these expenses regardless of fault.

The policy defines "farm employee" as "any insured's employee whose duties are principally in connection with the maintenance or use of the 'insured location' as a farm. These duties include the maintenance or use of the insured's farm equipment."

In *Mutual of Enumclaw Insurance Co. v. Roberts,* 128 Idaho 232, 912 P.2d 119 (1996), this Court stated, as follows:

With contracts of insurance, this Court has adopted certain canons of construction that guide our ultimate resolution of a conflict. As contracts of adhesion, not typically subject to negotiation between the parties, an ambiguity must be construed most strongly against the insurer. Where the policy language is clear and unambiguous, however, coverage must be determined in accordance with the plain meaning of the words used. When confronted with ambiguous language in an insurance contract, we must determine what a reasonable person would have understood the language to mean. The words used in the insurance policy must then be construed in their ordinary meaning.

*Id.* at 235, 912 P.2d at 122 (citations omitted). Ambiguity exists only if a policy term "is reasonably subject to conflicting interpreta-

tion." *City of Boise v. Planet Ins. Co.*, 126 Idaho 51, 55, 878 P.2d 750, 754 (1994) (internal quotation marks and citation omitted).

Ty and his wife contend that Ty is entitled to coverage under the medical payment coverage because "farm employee" is an ambiguous term and must be construed against Unigard. To support this claim, they offer definitions of "employee" and "farm employee" from sources outside of the policy. We look to outside sources for the meaning of terms only after we have concluded that there is ambiguity in the policy. If there is ambiguity, the policy will be "construed in [its] ordinary meaning." *Roberts*, 128 Idaho at 235, 912 P.2d at 122 (citation omitted). In *Planet*, the Court first concluded that the term "personal injury" was ambiguous because of the policy language and then looked to definitions outside of the policy for the definition of the term. *Id.* at 55, 878 P.2d at 754. "Where the policy language is clear and unambiguous, however, coverage must be determined in accordance with the plain meaning of the words used." *Roberts*, 128 Idaho at 235, 912 P.2d at 122 (citation omitted).

"Farm employee" is not reasonably subject to conflicting interpretation concerning partners in the partnership. The partners are each an insured under the policy. It is not a reasonable reading of the policy to say that an insured is his own employee.

A construction of the policy that does not include partners within the definition of "farm employee" is not "a construction of the insurer's contract ... [that] defeat[s] the very purpose or object of the insurance." *Nielsen v. Provident Life & Acc. Ins. Co.*, 100 Idaho 223, 226, 596 P.2d 95, 98 (1979) (citation omitted). The medical payment coverage that covers "farm employees" provides coverage for claims made by the partnership's seasonal workers.

Also, the fact that the policy does not specifically exclude partners from the medical payment coverage, does not mean the partners are "farm employees." There is no need to exclude someone from coverage who is not otherwise covered by the plain words of the policy.

The trial court correctly dismissed the claim of Ty and his wife for coverage under the medical payment coverage of the policy.

## III.

## THE TRIAL COURT CORRECTLY DECLARED THAT TY AND HIS WIFE MAY NOT SUE THE PARTNERSHIP FOR TY'S BODILY INJURIES.

Ty and his wife assert that the trial court should have declared that they could sue the partnership for Ty's injuries. We disagree.

I.C. § 53–313 states, as follows:

Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his copartners, loss or injury is caused to any person, *not being a partner in the partnership*, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

(emphasis added). This statute clearly indicates that the legislature authorized suits against a partnership for personal injuries only by a person who is not a partner in the partnership when the claim is based on a wrongful act or omission of a partner. The facts recited by Ty and his wife in opposition to the partnership's request for summary judgment refers only to acts or omissions of one of the other partners, Tuk. Therefore, there is no authority under I.C. § 53–313 for a suit against the partnership.

## IV.

## CONCLUSION

We affirm the trial court's dismissal of the claim for medical payment coverage and the trial court's declaration that Ty and his wife may not sue the partnership for Ty's injuries.

We award Unigard costs, but not attorney fees, on appeal.

Chief Justice TROUT, Justices SCHROEDER, WALTERS, and Justice Pro Tem HERNDON CONCUR.