**CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER–DAY SAINTS, Plaintiff**

and

**Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter–Day Saints, Plaintiff–Appellant**

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY OF IDAHO, Defendant–Appellee.**

No. 99–35935.

D.C. No. CV–98–00149–BLW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2001.

Decided Aug. 2, 2001.

Before ALARCÓN, FERNANDEZ, and TASHIMA, Circuit Judges.

### MEMORANDUM[1]

The Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints and the Corporation of the President of the Church of Jesus Christ of Latter-day Saints (collectively, the "Church") appeal from the grant of summary judgment in favor of Farm Bureau Mutual Insurance Company ("Farm Bureau"). This appeal arises out of claims assigned to the Church by Brett C. Smith ("Smith") and his family after Smith negligently caused an accident while driving a Church-owned vehicle. We affirm because we conclude that the undisputed facts establish that the Church-owned vehicle was available for Smith's regular use within the meaning of the Country Squire Policy.

We also conclude that Smith is not covered for this occurrence under the Umbrella Policy because the Kemper Policy does not qualify as underlying insurance.

### I

■ The Church first contends that Smith is covered for this occurrence under his parents' Country Squire Policy because the Church-owned vehicle was not available for Smith's regular use. The Country Squire Policy excludes coverage for non-owned vehicles that are made available for the regular use of insureds. The Church assigned Smith a specific Church-owned vehicle to use in order to fulfill his missionary duties. These duties consumed most of Smith's time each day. The Church gave Smith blanket authority to use the vehicle for appropriate purposes. On the evening of the accident, Smith was using his assigned vehicle for an authorized purpose and in an area in which the vehicle was expected to be used.

Thus, the Church-owned vehicle was available for Smith's regular use. *See Foster v. Johnstone,* 107 Idaho 61, 685 P.2d 802, 807–808 (Idaho 1984) (adopting a list of "signposts" for determining "regular use"); *cf. Universal Underwriters Ins. Co. v. Farmers Ins. Co.,* 108 Idaho 249, 697 P.2d 1263, 1266 (Idaho Ct.App.1985) (holding no "regular use" where insured made special arrangements to use another salesperson's vehicle on occasion of accident). Consequently, Smith is excluded from coverage under his parents' Country Squire Policy for this occurrence.

### II

■ The Church next contends that Smith is covered for this occurrence under

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

his parents' Umbrella Policy. The Umbrella Policy is an excess liability policy. It covers only those automobile liability claims that are also covered by valid and collectible "underlying insurance." The Church contends that the Church's Kemper Policy qualifies as "underlying insurance," sufficient to trigger Smith's coverage under the Umbrella Policy.

The unambiguous terms of the Umbrella Policy demonstrate that the Country Squire Policy is the only underlying automobile insurance described in the declarations and hence, the only policy that might trigger Smith's coverage under the Umbrella Policy. Thus, the Church's Kemper Policy does not qualify as "underlying insurance" under the Umbrella Policy held by Smith's parents. *See Mut. of Enumclaw Ins. Co. v. Roberts*, 128 Idaho 232, 912 P.2d 119, 122 (Idaho 1996) ("Where the policy language is clear and unambiguous ... coverage must be determined in accordance with the plain meaning of the words used."). Because the Country Squire Policy does not cover Smith for this occurrence, the Umbrella Policy is unavailable as well.

AFFIRMED.

---

* Honorable Dean D. Pregerson, United States District Court Judge for the Central District of California.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.