**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44854**

| | |
|---|---|
| PRAVEEN KHURANA, | ) 2017 Unpublished Opinion No. 602 |
| | ) |
| Plaintiff-Appellant, | ) Filed: September 29, 2017 |
| | ) |
| and | ) Karel A. Lehrman, Clerk |
| | ) |
| JOHN W. PERRY, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Plaintiff, | ) BE CITED AS AUTHORITY |
| | ) |
| v. | ) |
| | ) |
| AMCO INSURANCE COMPANY, | ) |
| | ) |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Order granting motion for summary judgment, <u>affirmed</u>.

Praveen Khurana, Lewiston, pro-se appellant.

Powers Tolman Farley, PLLC; James S. Thomson, II, Boise, for respondent.

_____

HUSKEY, Judge

Praveen Khurana appeals from the district court's order granting AMCO Insurance Company's motion for summary judgment. He argues the district court erred when it: (1) found the phrase "coverage territory" in the AMCO policy to be unambiguous; (2) did not construe the facts of the case in his favor; and (3) declined to address his estoppel argument. He also argues that he is entitled to attorney fees on appeal. The district court's order granting AMCO's motion for summary judgment is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2016, Khurana and John W. Perry obtained a business owner's insurance policy for their restaurant in Lewiston, Idaho, from AMCO through a local agent. The policy contained two forms of coverage: property coverage and liability coverage. Both parts of the AMCO policy contained exclusions based on coverage territory, a phrase that is defined differently in the two sections of the policy. In June 2016, Khurana and Perry traveled to Bangkok, Thailand, for business related to their restaurant. While in Thailand, items of personal and business property, namely uniforms and decorative items, were stolen from them. Khurana and Perry reported the incident to Thai law enforcement. Additionally, they made a claim with AMCO for their stolen property.

AMCO denied the claim. AMCO explained that the property coverage portion of Khurana and Perry's policy did not extend to their loss because the loss occurred outside the coverage territory. Khurana and Perry then filed suit against AMCO in July 2016, alleging breach of contract, implied contract, anticipatory breach, promissory estoppel, negligent misrepresentation, declaratory judgment, specific performance, unjust enrichment, and bad faith. AMCO moved for summary judgment, which the district court granted. Khurana timely appeals to this Court.

# II.

## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own

evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses, or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under Idaho Rule of Civil Procedure 56(d). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

An insurance policy is a contract and must be construed the same way as other contracts. *Anderson v. Title Ins. Co.*, 103 Idaho 875, 878, 655 P.2d 82, 85 (1982). "Where the policy language is clear and unambiguous, coverage must be determined, as a matter of law, according to the plain meaning of the words used." *Clark v. Prudential Property and Cas. Ins. Co.,* 138 Idaho 538, 541, 66 P.3d 242, 245 (2003); *Casey v. Highlands Ins. Co.*, 100 Idaho 505, 509, 600 P.2d 1387, 1391 (1979). Determining if a policy is ambiguous is a question of law resolved by a consideration of the policy as a whole. *Cascade Auto Glass, Inc. v. Idaho Farm Bureau Ins. Co.*, 141 Idaho 660, 663, 115 P.3d 751, 754 (2005); *Purdy v. Farmers Ins. Co. of Idaho*, 138 Idaho 443, 445-46, 65 P.3d 184, 186-87 (2003). A provision of an insurance policy is ambiguous if it "is reasonably subject to conflicting interpretations." *Nedrow v. Unigard Sec. Ins. Co.*, 132 Idaho 421, 422, 974 P.2d 67, 68 (1998). Insurance contracts are construed in a light most favorable to the insured and in a manner which will provide full coverage for the indicated risks rather than to narrow its protection. *Cascade Auto Glass, Inc.*, 141 Idaho at 663, 115 P.3d at 754.

### III.

### ANALYSIS

Khurana asserts the district court erred when it granted AMCO's motion for summary judgment. First, he argues the district court erred when it found the phrase "coverage territory" to be unambiguous because there were two definitions for the phrase. Because Khurana argues the phrase is ambiguous, he contends the court must construe it in his favor because AMCO created the ambiguity. Second, he argues the district court erred because it did not construe the

3

facts in his favor upon AMCO's motion to dismiss. Third, Khurana asserts the court erred by not addressing his estoppel argument because it was pleaded by the phrase "promissory estoppel" in a title contained in Khurana and Perry's complaint. Last, Khurana contends he is entitled to attorney fees as a prevailing party upon appeal.

The district court found Khurana and Perry's insurance policy to be unambiguous. Our review of the policy confirms this finding. When viewed as a whole, it is clear the policy is composed of two distinct coverages intended to insure Khurana and Perry for two different types of loss: property loss and legal liability. This is indicated in the policy by two large headings reading "Premier Businessowners Property Coverage Form" and "Premier Businessowners Liability Coverage Form."

The Property Coverage Form provides insurance for buildings and "business personal property." Thus, having such insurance allows Khurana and Perry to be protected from physical damage to their restaurant as well as physical damage to restaurant property such as furniture, fixtures, materials, supplies, etc. as long as the property is within 1,000 feet of the restaurant building. Essentially, this form of coverage protects Khurana and Perry from physical damage to their restaurant caused by others or an unexpected event. However, only property within the coverage territory, which the policy specifies to include the United States, its territories and possessions, Puerto Rico, and Canada, is covered under the policy.

The Liability Coverage Form provides insurance in the event a business becomes liable for damage or injury. This allows Khurana, Perry, and their restaurant to be protected from the economic threat of a lawsuit brought against them because of their actions. Having this type of coverage shields Khurana, Perry, and their restaurant, at least in part, from the cost of legal fees, litigation, or the cost of settlement. The policy's liability coverage is also limited to a coverage territory, which the policy specifies to include the United States, its territories and possessions, Puerto Rico, Canada, international waters or airspace if the damage or injury occurs during travel between the previously mentioned locations, and all other parts of the world if the damage or injury arises out of (1) goods or products sold by the business owner in the previously mentioned locations, (2) the activities of a person on the business's errand, or (3) offenses that take place through the Internet or electronic communication.

Khurana's argument that the two definitions of coverage territory create ambiguity is unavailing. Both definitions of the phrase unambiguously operate within their separate and

4

distinct sphere of coverage. Thus, we decline to construe the phrase as Khurana desires and proceed to determine coverage according to the plain meaning of the words used in both sections of the policy.

The loss of uniforms and decorative items is the type of loss contemplated by the Property Coverage Form; it could fall in the category of covered restaurant property. However, Khurana and Perry's loss occurred in Thailand, clearly outside the coverage territory of the policy. Therefore, according to the plain meaning of the coverage territory restriction for restaurant property, Khurana and Perry's loss is not covered by the Property Coverage Form.

The loss of uniforms and decorative items is not the type of loss contemplated by the Liability Coverage Form. There is no evidence that Khurana and Perry have incurred any liability as business owners for which AMCO would be obligated to protect them from under the policy. No Thai citizen has reported damage or injury from their products, neither Khurana nor Perry created damage to or injured a Thai citizen, and neither Khurana nor Perry have committed an Internet or electronic communications offense affecting anyone in Thailand. Therefore, according to the plain meaning of the coverage territory restriction, Khurana and Perry's loss is not covered by the Liability Coverage Form.[1]

## IV.

## CONCLUSION

Khurana and Perry's insurance policy with AMCO is not ambiguous. The plain meaning of the phrase "coverage territory" in the separate coverage areas of the policy have clear and distinct meanings and applications. Neither of the coverage areas of the policy cover Khurana and Perry's loss in Thailand. We affirm the district court's order granting AMCO's motion for

---

[1] Khurana also argues he and Perry relied on the oral representations of an insurance agent who assured them coverage for their loss. The district court did not consider this argument because it was not properly pleaded in their complaint. On appeal, Khurana points to a title in the complaint that contains the phrase "Promissory Estoppel" to argue they did, in fact, plead facts about the agent's oral representations. However, this is not enough to properly plead an estoppel cause of action. The phrase fails to make a showing of entitlement to relief. *See* I.R.C.P. 8(a)(2). Because a cause of action not properly raised in a party's pleading may not be considered on summary judgment or upon appeal from summary judgment, Khurana's estoppel argument will not be considered. *Estes v. Barry*, 132 Idaho 82, 86, 967 P.2d 284, 288 (1998).

summary judgment.  Because AMCO prevails in this case, AMCO is entitled to an award of its costs in defending this appeal pursuant to Idaho Appellate Rule 40.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.